# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SONIA I. WRIGLESWORTH,<br>Appellant, | DOCKET NUMBER<br>DC-1221-18-0285-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>Agency. | DATE: January 9, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis L. Friedman, Esquire, Philadelphia, Pennsylvania, for the appellant.

Timothy D. Johnson, Esquire, Fort Bragg, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal without prejudice subject to automatic refiling within 30 days after the Board issues a final decision in *Wriglesworth v. Department of the Army*, MSPB Docket No. DC-0752-15-0860-I-2. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, AFFIRM the initial decision, which is now the Board's final decision, 5 C.F.R. § 1201.113(b), and FORWARD this matter to the regional office for docketing and adjudication as a refiled appeal.

The appellant previously filed a Board appeal under 5 U.S.C. chapter 75 challenging her removal and raising an affirmative defense of whistleblower reprisal. *See Wriglesworth v. Department of the Army*, MSPB Docket Nos. DC-0752-15-0860-I-1, DC-0752-15-0860-I-2. On March 2, 2017, an administrative judge issued an initial decision affirming the removal and denying the appellant's whistleblower reprisal claim based on a determination that she did not establish by preponderant evidence that she made protected disclosures. *Wriglesworth v. Department of the Army*, MSPB Docket No. DC-0752-15-0860-I-2 (I-2), Appeal File, Tab 6, Initial Decision (ID). The appellant filed a petition for review of that initial decision. I-2 Petition for Review File, Tab 7.

After subsequently filing a complaint with the Office of Special Counsel (OSC), the appellant filed the instant request for corrective action alleging that the agency micromanaged, counseled, investigated, and suspended her in reprisal for her protected disclosures. *See Wriglesworth v. Department of the Army*, MSPB Docket No. DC-1221-18-0285-W-1, Initial Appeal File (IAF), Tab 1. The administrative judge found that, in both her complaint to OSC and her request for

corrective action, the appellant relied on the same six alleged protected disclosures that she raised in connection with her whistleblower reprisal affirmative defense challenging her removal. ID at 2; *see* IAF, Tab 7 at 4 ("The administrative judge correctly noted that [the appellant's] instant IRA appeal sets forth the same purported disclosures that she had set forth in a prior matter[.]").

Under these circumstances, in which an initial decision addressing whether the appellant made protected disclosures had already been issued but was not yet final because it was pending further Board review, the administrative judge held that it was appropriate to dismiss, on the grounds of adjudicatory efficiency, the subsequently-filed action without prejudice subject to automatic refiling 30 days after the Board issued its final decision. ID at 2-3. The administrative judge found that the appellant's request that he address anew whether she made protected disclosures, even for purposes of determining jurisdiction over the appeal, was exactly the type of relitigation the Board's adjudicatory efficiency holdings sought to avoid. ID at 3. Thus, the administrative judge rejected the appellant's claim that it would be more efficient to have two separate pending appeals addressing the same issue with potentially divergent outcomes. *Id*.

The appellant asserts on review that, "while judicial economy may serve as a legitimate reason in certain circumstances, in this situation, the invocation of judicial economy is not appropriate and would work an extreme injustice . . . ." Petition for Review (PFR) File, Tab 1 at 8. The appellant contends that the administrative judge "has the wherewithal to determine whether the protected disclosures . . . satisfy the legal criteria," and that the administrative judge in the removal appeal performed no analysis before concluding that the appellant had not made protected disclosures. *Id*. at 8-9. The appellant includes with her petition for review an attachment to an OSC complaint form that sets forth six disclosures she raised to OSC.[2] *Id*. at 12-16. The agency has filed a response to

_____

[2] Because this document was submitted below, IAF, Tab 1, it is not new evidence under 5 C.F.R. § 1201.115(d) and does not warrant granting the petition for review. *See Krawchuk v. Department of Veterans Affairs*, 94 M.S.P.R. 641, ¶ 5 n.2 (2003).

the petition for review, and the appellant has filed a reply to the agency's response.  PFR File, Tabs 3-4.

Dismissal without prejudice is a procedural option left to the sound discretion of the administrative judge.  *Wheeler v. Department of Defense*, 113 M.S.P.R. 519, ¶ 7 (2010); *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009).  The appellant does not dispute the administrative judge's finding that she has relied in this IRA appeal on the same six alleged protected disclosures that she raised in connection with her whistleblower reprisal affirmative defense challenging her removal.  Moreover, the findings made by the administrative judge in the removal appeal are not subject to challenge in this separate IRA appeal.  Thus, we find that the appellant has shown no abuse of discretion in the administrative judge's dismissal of this appeal without prejudice. *See Wheeler*, 113 M.S.P.R. 519, ¶ 7 (finding that an administrative judge did not abuse his discretion in dismissing an appeal pending the Board's decision on a petition for review in a separate case that involved a common issue); *Gingery*, 111 M.S.P.R. 134, ¶ 12 (stating that dismissal without prejudice was appropriate while awaiting an Office of Personnel Management decision on a related matter).

Concurrent with the issuance of this Final Order, the Board has issued a Final Order in the appellant's previously-filed removal appeal.  *See Wriglesworth v. Department of the Army*, MSPB Docket No. DC-0752-15-0860-I-2, Final Order (Jan. 9, 2024).  Therefore, the condition subsequent set forth by the administrative judge for automatic refiling has occurred, and we forward this matter to the regional office for docketing as a timely refiled appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

_____

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.